Stewart Floyd Ramsey v. Commissioner.
Ramsey v. Commissioner
Docket No. 1016-66
United States Tax Court
T.C. Memo 1968-68; 1968 Tax Ct. Memo LEXIS 232; 27 T.C.M. (CCH) 358; T.C.M. (RIA) 68068; April 18, 1968. Filed *232 Stewart Floyd Ramsey, pro se, Illinois State Penitentiary, Joliet, Ill. Roy S. Fishbeck, for the respondent. DAWSON
Memorandum Findings of Raft and Opinion DAWSON, Judge: Respondent determined the following income tax deficiencies and additions to tax: Addition to Tax Sec.6653(b),
Year
Deficiency
I.R.C. 1954
1961
$1,016.89
$ 508.45
1962
2,182.31
1,091.16
1963
3,073.64
1,536.82 Respondent has conceded the additions to tax. Therefore, the only issue for decision is whether petitioner failed to report, as income for the taxable years 1961, 1962, and 1963, his portion of proceeds received from the sale of scrap metal belonging to his employer, American Air Filter Company, Inc.
Findings of Fact Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference and adopted as part of our findings. Stewart Floyd Ramsey (herein called petitioner) and his former wife, Alice J. Ramsey, filed their joint Federal income tax returns for the years 1961, 1962 and 1963 with the district director of internal revenue at Des Moines, Iowa. Petitioner was a legal resident *233 of Muscatine, Iowa, at the time he filed his petition in this proceeding. [1]
During the years 1961, 1962 and until December 28, 1963, the petitioner was employed by the American Air Filter Company, Inc., as a foreman of its plant in Moline, 359 Illinois. Early in 1961, he conspired with one John E. Schomer, a part-time junk hauler, to steal and sell scrap metal belonging to American Air Filter Company. Under their agreement the petitioner was to make the scrap metal available while Schomer was to haul it away and sell it. Upon demand, Schomer was to remit two-thirds of the sale proceeds to petitioner. During the years 1961 through 1963, Schomer, with petitioner's knowledge, consent, and cooperation, hauled away and sold scrap metal belonging to American Air Filter Company. Schomer received the following proceeds in payment for scrap metal sold to the companies listed below: Purchaser
1961
1962
1963
Dalkoff Iron and Metal Co.
$5,208.40
$ 3,379.39
Leslie Cooper Battery & Metal Co.
7,112.54
$ 9,651.27
Standard Metal Co
4,281.57
$5,208.40
$10,491.93
$13,932.84
*234 In November 1963, Hubert E. White, a private investigator, was retained by American Air Filter Company to ascertain why large amounts of the company's scrap metal were disappearing. His investigation implicated Schomer, who subsequently admitted collaboration with petitioner in the theft of scrap metal from American Air Filter Company. On December 27, 1963, petitioner was asked to go to the office of Bernard J. Lavins, plant manager for American Air Filter Company. Present at the evening meeting were petitioner, White, Lavins, and Mark L. Marlaire, manufacturing manager and purchasing agent for the company. At that time the petitioner voluntarily admitted involvement in the stealing and sale of scrap metal belonging to American Air Filter Company. He also admitted that he had received cash representing his share of the proceeds. On January 2, 1964, in the presence of White, D. G. Pflaum, a representative of the bonding company used by American Air Filter Company, and a court reporter, petitioner again voluntarily admitted his role in the conspiracy and stated that he had received two-thirds of the proceeds derived from the sale of scrap metal belonging to the company. Ultimate *235 Findings Petitioner received cash representing two-thirds of the proceeds derived from the sale of scrap metal stolen from American Air Filter Company during the years 1961, 1962, and 1963. His share of those proceeds amounted to $3,472.27 in 1961, $6,994.62 in 1962, and $9,288.56 in 1963. We have here the factual question as to whether petitioner actually received his share of the proceeds derived from the sale of scrap metal belonging to his employer. While he admits his role in the conspiracy, he claims that Schomer never gave him any part of the proceeds but only receipts representing them. We reject this contention, as reflected by our ultimate findings of fact. The burden of proof was on the petitioner to establish that he did not receive the amounts in question. To meet that burden, we have only his self-serving testimony. He tries to excuse his failure to do more by saying that since he was prohibited from seeing Schomer under the terms of his parole, [2] he was unable to assemble evidence that Schomer retained all proceeds from the sale of the stolen scrap metal. However, this argument is insufficient to meet his burden of proof or shift it to respondent. Burnet v. Houston, 283 U.S. 223 (1931); *236 United States v. 525 Company, 342 F. 2d 759 (C.A. 5, 1965); and Elsie SoRelle, 22 T.C. 459 (1954). Two of the three men present at the meeting held on December 27, 1963 testified that petitioner made a voluntary oral statement of his receipt of two-thirds of the proceeds from the illegal sale of American Air Filter Company's scrap metal. Schomer testified that he gave cash, representing two-thirds of the proceeds to petitioner, within a day of each sale of stolen scrap metal. Petitioner testified that while he spent more money than he earned during the years 1961 through 1963, part of such expenditures were out of cash accumulated in prior years and the remainder was 360 derived from loans. Yet he presented no evidence to support these explanations beyond his own self-serving statements, which we find unreliable under the circumstances. He has failed to produce competent evidence to support his position. Respondent, on the other hand, has presented substantial evidence to disprove it. Consequently, we find and hold that petitioner *237 did receive two-thirds of the proceeds from the sale of the scrap metal belonging to American Air Filter Company and that such amounts must be included in his taxable income for the years in issue. To reflect respondent's concession as to the additions to tax, and the conclusion reached herein on the disputed issue, Decision will be entered under Rule 50. Footnotes
1. Alice J. Ramsey did not sign and verify the petition and therefore is not a party to this proceeding.↩
2. Petitioner was convicted for his part in the theft and served 21 months of a 2 to 5 year sentence before being released on parole.↩